UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:08-CR-86-GFVT-HAI-1 |
| | ) | |
| EVERETT MORGAN, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court, on referral (D.E. 161), considers reported violations of supervised release conditions by Defendant Everett Morgan.  The District Court entered a judgment against Defendant on August 6, 2009, for conspiring to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  D.E. 98.  Defendant was originally sentenced to fifty-one months of imprisonment followed by six years of supervised release.  *Id.*  However, Morgan was re-sentenced on October 20, 2010, and an amended judgment was entered sentencing him to thirty-nine months of imprisonment, followed by six years of supervised release.  D.E. 121.  Defendant began his supervised release term on June 28, 2011.

On October 15, 2012, the United States Probation Office (USPO) issued a Supervised Release Violation Report ("the First Report") and on October 22, 2012, an addendum thereto. Based on sweat patch tampering, the First Report charged Defendant with violating Standard Condition #4, which provides that "[t]he defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited

substance testing which is required as a condition of release." Based on positive tests for amphetamine and methamphetamine, the First Report also charged Defendant with violating Standard Condition #7, which provides that "[t]he defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as prescribed by a physician." Additionally, the First Report charged Defendant with violating the condition of his supervision which provides that "[t]he defendant shall not commit another federal, state, or local crime." The First Report reasoned that, with Defendant's prior felony drug conviction, and pursuant to Sixth Circuit case law holding that the use of a controlled substance is the equivalent of possessing the controlled substance, simple possession of amphetamine and methamphetamine constitutes a violation of 21 U.S.C. § 844(a). The addendum added separate charges of use and felony possession of amphetamine and methamphetamine.

At the outset of the final supervised release hearing on November 1, 2012, Defendant stipulated to the charged violations. D.E. 152. The Court recommended revocation of supervised release, incarceration of twenty-seven months, and reimposition of supervised release for twelve months. D.E. 153. On December 17, 2012, District Judge Van Tatenhove adopted the undersigned's recommended disposition. D.E. 156. Defendant was released from custody on October 9, 2012.

On March 2, 2015, the USPO issued a Supervised Release Violation Report ("the Second Report") charging Defendant with a violation of his supervised release, and secured a warrant from District Judge Van Tatenhove. The Second Report alleges that Defendant violated the condition of his supervised release that states, "the Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view." Specifically, the Second Report alleges that, on February 26, 2015,

Senior Probation Officer Kincer and Supervisory Probation Officer Ratliff attempted a home visit with Defendant. According to the Second Report, upon arriving at Defendant's place of residence, Officers Kincer and Ratliff observed Defendant through a window of the residence. Defendant's mother and stepfather originally informed the Officers that Defendant was not at the residence. However, after further inquiry, the Officers learned that Defendant had gone out the back door. After a brief search of the outside of the residence, the Officers informed Defendant's stepfather to advise Defendant to report to the USPO the next day. Defendant did not report. This is a Grade C Violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on March 18, 2015, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 163. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not object. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on March 25, 2015, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 165. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violation. *Id.* Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation described in the Second Report.

The Court has evaluated the entire record, the Second Report and accompanying documents, and the sentencing materials from the underlying Judgment and Amended Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for

a supervised release violation hinges on the gravity of the underlying offense of conviction. Given his prior felony drug conviction, Defendant's original conviction was for a Class B felony. *See* 18 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 851; 18 U.S.C. § 3559. For a Class B felony, the maximum revocation sentence provided under section 3583 is three years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation. Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is eight to fourteen months.

Based upon Defendant's stipulation, the parties agreed to recommend revocation with a sentence of twelve months and one day imprisonment with no supervised release to follow. The United States offered that such a sentence was justified for several reasons. First, the United States argued that Defendant's conduct represents a breach of the Court's trust, but not one as severe as his prior drug use and possession. Moreover, the United States asserted that Defendant's actions were not violent, were inconsistent with his history and characteristics, and did not pose a threat of danger to the public. Based on these factors, the United States asserted that a sentence slightly above the middle of the Guidelines Range was warranted. Defense

counsel agreed, stating that Defendant had been making an effort to correct his lifestyle and was working full-time at the time of the violation. Finally, both parties agreed that by declining to impose supervised release after Defendant's term of imprisonment, Defendant would be solely responsible for his actions and face more severe consequences if he returned to criminal activity.

The Court has considered all of the section 3553 factors imported into the section 3583(e) analysis, and finds that imprisonment of twelve months and a day is appropriate based upon those factors. The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Here, Defendant has repeatedly breached the trust placed in him by the Court. For a second time, Defendant's actions illustrate a lack of respect for the Court and the requirements of supervision.

Ultimately, the Court finds that imprisonment is warranted, and that a sentence slightly above the middle of the Guidelines range is sufficient to reflect the seriousness of the violation, the gravity of the breach of the Court's trust, the need to protect the public, and the need to deter criminal conduct. *See* 18 U.S.C. § 35583(c). Defendant's actions, while not directly involving the use of drugs, indicate a desire to avoid contact or detection by the USPO, which is troubling to the Court. However, the parties are correct in their assertions that this conduct is not as severe as Defendant's prior conduct. Therefore, a sentence at the high end of the Guidelines Range is not warranted.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation.

5

*See* 18 U.S.C. § 3583(b) & (h).   The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release."   *See* 18 U.S.C. § 3583(h).   The general supervision-term limits of section 3583(b) apply "[e]xcept as otherwise provided."   *See* 18 § 3583(b).   Defendant's conviction under 21 U.S.C. § 846, with penalties described in 21 U.S.C. § 841(b)(1)(c), carried no maximum term of supervised release.   Under section 3583(h), there is no maximum here either.   18 U.S.C. § 3583(h).   However, the Court finds that continued supervision is a waste of public resources and does not serve the incorporated factors from section 3553(a) because Defendant has repeatedly failed to utilize the resources provided to him through supervised release.   Specifically, Defendant's conduct in this case illustrates a complete unwillingness to participate in and receive benefits that supervised release provides.   Therefore, the Court finds that a reimposition of supervised release is not warranted.

Based on the foregoing, the Court **RECOMMENDS** revocation and imprisonment for a term of twelve months and a day based on the violations found, with no term of supervised release to follow.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i).   As defined by section 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for

consideration, de novo, by the District Court.  Failure to make timely objection consistent with

the statute and rule may, and normally will, result in waiver of further appeal to or review by the

District Court and Court of Appeals.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir.

1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 30th day of March, 2015.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge