UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No: 08-86-GFVT |
| V. | ) | |
| EVERETT MORGAN, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 166] filed by United States Magistrate Judge Hanly A. Ingram.  Defendant Everett Morgan is charged with failing to permit his probation officers to conduct a home visit in violation of the conditions of his supervised release.  [R. 159].

Everett Morgan pled guilty to Conspiracy to Distribute a Mixture or Substance containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  After his initial sentence was vacated by the Sixth Circuit Court of Appeals, [R. 112], this Court conducted re-sentencing proceedings and, in an Amended Judgment, sentenced Morgan to thirty-nine months of imprisonment followed by six years of supervised release.  [R. 121].

On October 15, 2012, the United States Probation Office (USPO) issued the first Supervised Release Violation Report in this case.  In the First Report, Morgan was charged with tampering with a sweat patch monitoring device, and, based on positive drug tests, he was also charged with using and possessing a controlled substance in

violation of the terms of his supervised release.  Judge Ingram conducted initial and final hearings, [R. 150, 152], and recommended revocation of Morgan's supervised release, incarceration for twenty-seven months, and reimposition of supervised release for twelve months, [R. 153].  This Court adopted that recommendation.  [R. 156].  Morgan began his second term of supervised release on October 9, 2012.

On March 2, 2015, the USPO issued a second Supervised Release Violation Report, [R. 160], which alleged that Morgan had violated the condition of his supervised release that provides: "Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view."  [R. 157].  Specifically, the Second Report alleges that two probation officers attempted a home visit with Morgan on February 26, but were told that Morgan was not at home.  However, they observed Morgan through a window of the home and learned that he had exited through the back door.  They instructed Morgan's stepfather to advise him to report to the USPO office the next day, but Morgan failed to do so. [R. 166 at 2-3].

On January 18, 2015, Judge Ingram conducted an initial appearance, at which he found probable cause to believe the violations set forth in the Second Report, and he remanded Morgan to custody pending his final hearing.  [R. 163].  Judge Ingram conducted the final hearing on March 25, 2015, at which Morgan competently stipulated to the charged violations.  [R. 165].  During his final hearing, Morgan specifically preserved his right of allocution, as reflected on the record, [*id.*], but he has since filed a notice that he has waived this right.  [R. 168].

Judge Ingram appropriately considered the factors under 18 U.S.C. § 3553 in reaching his recommended sentence. He noted that Morgan's actions in this violation breached the Court's trust and evince a desire to avoid contact or detection with USPO, which he found troubling. [R. 166 at 5]. However, he noted that this conduct is not as grave as the drug use underlying Morgan's first supervised release violation. He found that, based on these considerations, a sentence at the top of the guidelines was unwarranted. [*Id.*] He also concluded that, in light of Morgan's repeated violations, continued supervision would be a waste of public resources and would not further the policies embodied in 18 U.S.C. § 3553(a). Finally, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen days of service. [*Id*. at 6]. *See* 28 U.S.C. § 636(b)(1)(C). As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made and where the defendant waives his right to allocution, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 166**] as to Defendant Everett Morgan is **ADOPTED** as and for the Opinion of the Court;

2. Morgan is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Office [R. 159];

3. Morgan's Supervised Release is **REVOKED**;

4. Morgan is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twelve (12) months and a day, with no supervised release to follow; and

5. Judgment shall be entered promptly.

This the 20th day of April, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge